UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JENNIFER RUTLEDGE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:17 CV 2910 RWS |
| ISG TECHNOLOGY, LLC., | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff brings a three count sexual discrimination lawsuit under the Missouri Human Rights Act against her former employer, ISG Technology.[1] ISG moves to dismiss portions of plaintiff's hostile work environment claim as time-barred. The motion will be denied.

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir.

---

[1]Plaintiff voluntarily dismissed her claims against defendants Ben Foster and Miles Franz [6].

2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008).

Plaintiff began working as a Regional Vice President of ISG on March 23, 2016. She was fired less than a year later. Plaintiff alleges that she was subjected to sexual harassment by her immediate supervisor Kipp Adkins from the time she was hired until he was fired for his misconduct in June of 2016. Plaintiff alleges that Adkins repeatedly touched her inappropriately and made inappropriate sexual comments to and about her to clients. Plaintiff alleges that ISG terminated Adkins based, at least in part, on her complaint of sexual harassment. After Adkins was terminated, plaintiff alleges that she was subjected to a hostile work environment, discrimination, and retaliation by different male supervisors. Plaintiff alleges that after Adkins was fired, her male supervisors ignored her ideas, failed to give her instructions and feedback she needed to do her job, gave her a negative performance review, and ultimately terminated her employment because of her complaints about Adkins.

Plaintiff was fired on February 2, 2017, and filed her Charge of Discrimination with the Missouri Commission on Human Rights on March 2, 2017. Plaintiff alleges sex and retaliation discrimination based on sex and indicated on the form that the discrimination was a "continuing action." In her Charge of Discrimination, plaintiff complained of sexual harassment by Adkins as well as the subsequent allegations of discrimination and retaliation by her other supervisors.

Before a plaintiff may file a complaint alleging violations of the MHRA, she must first

2

exhaust her administrative remedies. Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 853-54 (8th Cir. 2012). Exhausting administrative remedies requires timely filing a charge of discrimination and receiving a right to sue letter. See Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). To be timely, a charge of discrimination must be filed within 180 days of the alleged act of discrimination under the MHRA. Mo. Rev. Stat. § 213.075.1. After completing this process the exhaustion requirement is met and a plaintiff may thereafter "seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Nichols v. Am. National Ins. co., 154 F.3d 875, 887 (8th Cir. 1998).

Because any sexual harassment of plaintiff by Adkins happened more than 180 days before plaintiff filed her Charge of Discrimination, ISG argues that these claims cannot form part of her hostile work environment claim. In opposition to dismissal, plaintiff argues that all her claims of discrimination are timely filed as part of a continuing violation. The continuing violation theory "permits a plaintiff to recover for acts of discrimination occurring prior to the 180-day filing period if the discrimination is a series of interrelated events." Wallingsford v. City of Maplewood, 287 S.W.3d 682, 685 (Mo. banc 2009). To demonstrate a continuing violation, plaintiff must show that at least one act occurred within the filing period and that "the harassment is a series of interrelated events, rather than isolated or sporadic acts of intentional discrimination." Pollock v. Wetterau Food Distribution Group, 11 S.W.3d 754, 763 (Mo. Ct. App. 1999). If a "claim is based upon a series of closely-related, similar events that occurred within the same general time period and stemmed from the same source, it is in the nature of a continuing violation." Id.

At this early stage of the proceedings, the Court finds that there are fact issues regarding whether the sexual harassment by Adkins and the subsequent actions of other supervisors constitute a continuing violation. Dismissal is therefore inappropriate. Here, plaintiff set out all of the complained-of conduct in her Charge of Discrimination, including the harassment by Adkins, and further indicated that the alleged discrimination was a "continuing action." Plaintiff further alleges that her supervisors began isolating and unjustly criticizing her as soon as Adkins was fired to retaliate against her for Adkins' termination. The proximity between Adkins' termination and the subsequent actions of plaintiff's new supervisors provide support for plaintiff's assertion that these claims constitute a continuing violation. See id. Moreover, plaintiff is not bringing a separate claim for sexual harassment. Instead, she only alleges that the actions of Adkins were part of a continuing hostile working environment that extended beyond Adkins' termination. Under these circumstances, the Court concludes that the dismissal of plaintiff's allegations of sexual harassment is inappropriate at this time. In any event, these acts, even if not independently actionable, may still be properly used as background evidence in support of plaintiff's other claims, including her claims for retaliation and termination. For these reasons, defendant's motion to dismiss must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [8] is denied.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2018.